# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER HOSKINS, | Civil No. 3:17-cv-1232 |
| Petitioner | (Judge Mariani) |
| v. | |
| KATHY LANE, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Peter Hoskins ("Hoskins"), a Federal Bureau of Prisons ("BOP") inmate incarcerated at the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed without prejudice.

## I. Background

On July 13, 2016, Hoskins was sentenced in the United States District Court for the Middle District of Pennsylvania to a sixty (60) month term of imprisonment for conspiracy to distribute and posses with intent to distribute methylone. (Doc. 1, p. 1; Doc. 1-1, p. 5); *United States v. Hoskins*, No. 3:15-cr-179 (M.D. Pa.). Also on July 13, 2016, Hoskins was

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *See* R. GOVERNING § 2254 CASES R.1(b).

sentenced in the United States District Court for the Middle District of Pennsylvania to a forty-six (46) month term of imprisonment for a supervised release violation, to run concurrent to the sentence imposed under docket number 3:15-cr-179. (Doc. 1, p. 1; Doc. 1-1, p. 5); *United States v. Hoskins*, No. 3:01-cr-266 (M.D. Pa.). His projected release date is February 28, 2019. (Doc. 1-1, p. 4).

In February 2017, the BOP determined that Hoskins was precluded from early release pursuant to 18 U.S.C. § 3621(e)[2] because his convictions contained a two-point

---

[2] Section 3621(e) of Title 18 of the United States Code states in relevant part as follows:

(e) Substance abuse treatment.--

(1) Phase-in.--In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)--

> (A) for not less than 50 percent of eligible prisoners by the end of fiscal year 1995, with priority for such treatment accorded based on an eligible prisoner's proximity to release date;
>
> (B) for not less than 75 percent of eligible prisoners by the end of fiscal year 1996, with priority for such treatment accorded based on an eligible prisoner's proximity to release date; and
>
> (C) for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.

(2) Incentive for prisoners' successful completion of treatment program.--

> (A) Generally.--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are

2

special offense characteristic enhancement for possession of a firearm. (Doc. 1, p. 2; Doc. 1-1, p. 5; Doc. 1-2, p. 9).

The instant petition was filed on July 13, 2017. (Doc. 1). Hoskins challenges the BOP's decision precluding him from early release under the provisions of 18 U.S.C. § 3621(e)(2)(B) which would have made him eligible to receive up to a one-year earlier release if he completes the Residential Drug Abuse Program ("RDAP") program. (Doc. 1-1, p. 1). Hoskins acknowledges that he did not complete the administrative remedy process with respect to the claims in the instant habeas petition, and that he "is still awaiting the final decision in the BOP's administrative remedy process." (Doc. 1-1, p. 5). He argues that it would be futile to exhaust the administrative remedy process. (Doc. 1-1, p. 4). In support of this argument, Hoskins asserts that if he received a one-year sentence reduction, his projected release date would change to February 28, 2018. (*Id.*). He claims that he would therefore need to be transferred to a residential reentry center ("RRC") by October 2017, at least four months prior to his projected early release date of February 28, 2018. (*Id.*).

---

different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.

(B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e).

3

Hoskins argues that if he waits for a final decision from the Office of the General Counsel, his time to apply for placement in a RRC will be delayed and he may not be able to timely complete the community-based component of the RDAP. (*Id.*).

## II. Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record

4

and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E. D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"). The exhaustion requirement has been applied to claims regarding a prisoner's eligibility to receive a sentence reduction under the RDAP in 18 U.S.C. § 3621. *See Campbell v. Yost*, No. 07-0168, 2008 WL 2316556, at *2 (W.D. Pa. June 4, 2008) (citing *Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005); *Rosenfeld v. Samuels*, No. 07-2907, 2008 WL 819630, at *1 (D.N.J. Mar. 26, 2008)).

In general, the BOP's Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue

5

which relates to any aspect of their confinement." 28 C.F.R. §§ 542.10-542.19. The inmate first must attempt to informally resolve his issue with the institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP-9 form within twenty calendar days following the date for which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. 28 C.F.R. § 542.15(a). This is the inmate's final available administrative appeal.

In the matter *sub judice*, Hoskins admits that he did not exhaust his administrative remedies. Hoskins filed an appeal to the Regional Director, and was unsuccessful at the Regional Level. Hoskins then filed an appeal with the Office of General Counsel. The appeal remains pending. Rather than comply with the BOP's Administrative Remedy Program and await a decision from the Central Office, he then filed the instant petition. It is clear that Hoskins' petition is premature under the standards set forth in *Moscato*. Further, he has not alleged facts that would permit this Court to find that exhaustion would have been futile, or that exhaustion should be excused. Hoskins argues that exhaustion would

6

be futile because a response from the Office of General Counsel may take "months," and delay his application for placement in a RRC. However, the record, as provided by Hoskins, demonstrates timely responses to his requests for administrative review. Exhaustion is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals and will delay his eligibility for placement in a RRC. *See, e.g., Romero v. Meeks*, No. 14-11, 2014 WL 4796579, *5 (W.D.Pa. Sept. 26, 2014) (quoting *Amirnazmi v. Scism*, 2011 WL 5854579, *6-7 (M.D. Pa. Nov. 21, 2011) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before" the date he believes he should be released to a halfway house) (citations and internal quotations omitted)); *Ross v. Martinez*, 2009 WL 4573686, *3 (M.D. Pa. Dec.1, 2009) (same). *See also Campbell*, 2008 WL 2316556, at *3 (denying habeas petition where petitioner failed to exhaust his administrative remedies on claim that petitioner was erroneously denied eligibility to receive a sentence reduction under RDAP). Additionally, there is no indication that requiring Hoskins to properly utilize the administrative review process would cause him irreparable harm. The BOP is not presently holding Hoskins beyond the term of imprisonment imposed by the United States District Court for the Middle District of Pennsylvania. His projected release date is February 28, 2019 and he is

currently serving his judicially imposed sentence.

Accordingly, the petition is subject to dismissal for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

A separate Order shall issue.

Dated: September 5, 2017

Robert D. Mariani
United States District Judge