IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER HOSKINS, | Civil No. 3:17-cv-1232 |
| Petitioner | (Judge Mariani) |
| v. | |
| KATHY LANE, | |
| Respondent | |

**MEMORANDUM**

I. **Background**

Petitioner, Peter Hoskins, an inmate confined at the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") decision precluding him from early release under the provisions of 18 U.S.C. § 3621(e)(2)(B), which would have made him eligible to receive up to a one-year earlier release if he completed the Residential Drug Abuse Program. (Doc. 1-1). On September 5, 2017, this Court issued a Memorandum and Order dismissing the habeas petition as premature based on Hoskins' failure to fully exhaust his available BOP administrative remedies. (Docs. 4, 5).

Presently pending before the Court is Hoskins' motion to alter, amend, or reconsider the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 7). For the reasons set forth below, the motion will be denied.

## II. Motion for Reconsideration Standard of Review

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment." FED. R. CIV. P. 59(e). A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Typically, "[a] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa.), *aff'd*, 31 F.3d 1174 (3d Cir. 1994); *see also Database America, Inc. v. Bellsouth Adver. &*

2

*Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). Moreover, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III.  Discussion

Hoskins seeks reconsideration of the Court's decision dismissing his undeniably premature federal habeas corpus petition, and again argues that he is entitled to early release pursuant to 18 U.S.C. § 3621(e). (Doc. 7). Hoskins fails to demonstrate a need to "correct manifest errors of law or fact," *Harsco Corp.*, 779 F.2d at 909, regarding the prior dismissal of his habeas petition. The Court thus finds that Hoskins has not made out a valid case for reconsidering the Order dismissing his habeas petition as premature.

At the time Hoskins filed his habeas petition, he acknowledged that he did not complete the administrative remedy process with respect to the claims in the habeas petition, and stated that he was "still awaiting the final decision in the BOP's administrative remedy process." (Doc. 1-1, p. 5). In the Court's previous Memorandum, it was noted that Hoskins filed an appeal to the Regional Director, and was unsuccessful at the Regional

Level. (Doc. 4, p. 6). The Court also noted that Hoskins then filed an appeal with the Office of General Counsel. (*Id.*). At the time the federal habeas petition was filed, Hoskins' appeal with the Office of General Counsel was pending. (*Id.*). The Court therefore found that Hoskins' petition was clearly premature under the standards set forth in *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

In the instant motion for reconsideration, Hoskins states that, subsequent to the filing of the habeas petition and subsequent to the Court's Order dismissing the action as premature, he received a response from the Office of General Counsel. (Doc. 7). Thus, Hoskins contends that he has exhausted his administrative remedies. (*Id.*). However, it is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981). It is clear that Hoskins did not exhaust his administrative remedies prior to bringing this federal cause of action. The Court finds that Hoskins does not provide grounds for a motion to reconsider this Court's prior Order dismissing the premature habeas corpus petition. He fails to present any newly found evidence, to advance an intervening change in controlling law, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, the motion for reconsideration will be denied without prejudice to Hoskins' right to reassert his present claims in a new habeas corpus

petition.

A separate Order shall issue.

Date: May 2, 2018

Robert D. Mariani
United States District Judge